BOOTH, Judge.
This cause is before us on appeal and cross-appeal from the final judgment of dissolution of marriage, which judgment is, in pertinent part, as follows:
The Court finds that the wife is too ill at the present time to be self-sustaining and is therefore awarded rehabilitative alimony in the sum of $500 per month for a period of two (2) years, payable the first day of each month, beginning September 1, 1978. The Court specifically reserves jurisdiction of this issue to determine at the expiration of said period if the wife’s health has been restored. Should the wife die or marry within the said two years, all alimony payments shall terminate.
On appeal, the appellant/wife contends the trial court erred in failing to award permanent alimony. The amount of the alimony awarded is not an issue on appeal. We have reviewed the record and find that the evidence amply supports the trial court’s finding that the wife is too ill to work at this time. We consider that the above-quoted judgment awarding rehabilitative alimony does not constitute a finding that the wife is not eligible for permanent alimony. On the contrary, the trial court has specifically reserved jurisdiction of this issue to be determined at the end of two years. At that time, the trial court will appropriately take into consideration the state of appellant’s health, as well as the other factors bearing on her entitlement to an award of permanent alimony, as most recently stated by the Supreme Court in Canakaris v. Canakaris, 382 So.2d 1197 (1980), and in accord with Florida Statutes § 61.08, and the decisions of this court in Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), cert. dismissed, 307 So.2d 186 (Fla.1974), and Collinsworth v. Collinsworth, (Fla. 1st DCA opinion filed Feb. 15, 1980).
Appellant also contends the trial court erred in limiting her to a one-half interest in the jointly held marital domicile and in allowing appellee a 90-day option to purchase her interest at a set amount. The record fails to establish that the trial court abused its discretion in making these determinations. Although the wife initially contributed more than half the purchase price of the house from her separate funds, the husband subsequently repaid her the excess of her contribution over one-half; and the parties entered into an agreement reciting their intention that each have an identical investment in the house. Based on these facts, the trial court denied the wife a special equity.
Concerning the option to purchase allowed to the husband, we note that the husband is given custody of the two minor sons of the parties, a matter not at issue on this appeal, and that the option arrangement facilitates maintenance of the family home for the benefit of the children and the parent having custody. The amount of the *844 option is supported by evidence of record as to the present value of the home, and the time allowed for exercise of the option is reasonable.
Other points on appeal and on cross-appeal have been considered and found to be without merit.
Accordingly, the judgment below is AFFIRMED.
ROBERT P. SMITH, Jr., and ERVIN, JJ., concur.